# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

RICHARD L. SCOTT,

    Plaintiff,

v.                          CASE NO. 4:10cv283-RH/WCS

DAWN K. ROBERTS, etc.,

    Defendant.

_____/

## ORDER GRANTING INTERVENTION — McCOLLUM

The plaintiff Richard L. Scott is a candidate for the Republican Party nomination for Governor of Florida. He challenges as unconstitutional a Florida statute that will provide public funds to the campaign of his opponent, Ira William "Bill" McCollum, to match a portion of Mr. Scott's own expenditures. Mr. Scott has named a single defendant: the Florida Secretary of State in her official capacity. Mr. McCollum—who is not only a candidate for Governor but also the current Florida Attorney General—has moved to intervene as a defendant in his individual capacity, not in his capacity as Attorney General. He asserts a right to intervene under Federal Rule of Civil Procedure 24(a) and alternatively asks for permissive intervention under Rule 24(b). Mr. Scott has filed a memorandum in

opposition.

This order grants permissive intervention under Rule 24(b).  No ruling is made on whether Mr. McCollum would have been entitled to intervene under Rule 24(a).

Mr. McCollum has a defense that shares common questions of law with the main action and shares common questions of fact to the extent the case involves questions of fact.  Mr. McCollum's participation will not delay the action.  He has met the prerequisites to permissive intervention under Rule 24(b).  Whether to grant intervention thus is committed to the court's discretion.

Mr. Scott says that Mr. McCollum's participation will add nothing.  The Secretary of State is well represented, after all, and will vigorously defend the statute at issue.  Mr. Scott says intervention will cause him prejudice by affording the defense two voices instead of one.  But the number of voices will have nothing to do with the outcome of the case.  In lawsuits, unlike in political campaigns, saying the same thing more often ought not make a difference.  Mr. McCollum may adduce facts or legal argument that the Secretary of State does not.  And even if Mr. McCollum adds nothing, his participation will do no harm.  The case is progressing rapidly at Mr. Scott's request.  He is hardly in a position to complain that more attorneys have joined the defense.

Mr. Scott notes that in a similar Arizona case, the opposing candidate—the one who supported the statute—did not seek to intervene.  That is probably small

solace to Mr. McCollum, who seeks a better result than that achieved so far by those seeking to uphold the Arizona statute.

Finally, perhaps the most important consideration is this. In a case affecting the funding of the campaign for the Republican nomination for Governor, it makes sense that both candidates—not just one—should be afforded an opportunity to be heard. The outcome of the case ultimately will favor one side or the other. But the same need not be true of the procedures followed to get there. As a matter of discretion, I conclude that Mr. McCollum should be allowed to intervene.

For these reasons, and based on all the circumstances and the factors properly considered under Rule 24(b),

IT IS ORDERED:

Mr. McCollum's motion to intervene as a defendant, ECF No. 13, is GRANTED. Mr. McCollum's answer, ECF No. 13-2, is deemed properly filed today.

SO ORDERED on July 12, 2010.

                s/Robert L. Hinkle
                United States District Judge