IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD L. SCOTT,

    Plaintiff,

v.                                      CASE NO. 4:10cv283-RH/WCS

DAWN K. ROBERTS, etc.,

    Defendant.

_____/

**ORDER DENYING A PRELIMINARY INJUNCTION**

In 1991, Florida adopted an optional system for public funding of statewide campaigns. The state simultaneously imposed a $500 limit on campaign contributions. A goal was to eliminate the corruption or appearance of corruption that can result from greater campaign contributions. Doing this was constitutional. No party to this lawsuit has contended otherwise.

A candidate who chooses to participate in the public-funding system agrees to caps on overall spending and on spending of the candidate's own personal funds. A candidate who chooses not to participate in the public-funding system faces no caps on overall or personal spending. Again, adopting these provisions

was constitutional. No party to this lawsuit has contended otherwise.

But the public-funding system includes an additional feature that is at the center of this lawsuit. If a nonparticipating candidate spends funds in excess of the cap applicable to a participating opponent, the opponent receives additional public funds matching the amount of the excess, up to a new limit.

The plaintiff Richard L. Scott is a candidate for Governor in the Republican primary election that will occur on August 24, 2010. He challenges the matching-funds provision as a violation of the First Amendment. He has moved for a preliminary injunction.

After full briefing and oral argument, I denied the motion, setting out the reasons at substantial length on the record. Mr. Scott is likely to appeal. The issues are close. In order to preserve Mr. Scott's right to appeal at a meaningful time, this order briefly summarizes the basis for the ruling, without the delay that would attend the preparation of a full opinion.

I

Mr. Scott chose not to participate in the public-funding system. One of his opponents for the Republican nomination for Governor, William L. "Bill" McCollum, chose to participate. The spending cap applicable to Mr. McCollum is roughly $24.9 million. Mr. Scott's spending will soon pass that amount, entitling Mr. McCollum to matching funds, unless implementation of the statute is enjoined.

II

As both sides agree, issuance of a preliminary injunction is governed by a familiar four-part test. The proponent must establish (1) a substantial likelihood of success on the merits; (2) that the proponent will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *See, e.g.*, *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *U.S. v. Lambert*, 695 F.2d 536 (11th Cir. 1983).

III

The merits are close. *Compare Green Party of Conn. v. Garfield*, Nos. 09-0599cv(L), 09-0609-cv(CON), 2010 WL 2737134 (2d Cir. July 13, 2010) (striking down a match provision similar to Florida's) *with McComish v. Bennett*, — F.3d —, 2010 WL 2595288 (9th Cir. June 23, 2010) (upholding a match provision similar to Florida's), *mandate stayed*, — S. Ct. —, 2010 WL 2265319 (June 8, 2010). Neither *Green Party* nor *McComish* is binding in this court, and neither has the analysis quite right. As set out on the record, I conclude that Mr. Scott is not likely to prevail on the merits.

IV

Mr. Scott, if he were right on the merits, would suffer irreparable harm. So would Mr. McCollum, if he were wrongly enjoined. Similarly, the balance of equities favors the party who is right on the merits. There are other equitable considerations, but they would not affect the decision to grant or deny the preliminary injunction in accord with the likelihood of success on the merits. The same is true of the public interest. Had I concluded Mr. Scott was likely to prevail on the merits, I would have granted the preliminary injunction.

V

Because Mr. Scott has not demonstrated a likelihood of success on the merits,

IT IS ORDERED:

Mr. Scott's motion for a preliminary injunction, ECF No. 3, is DENIED.

SO ORDERED on July 14, 2010.

s/Robert L. Hinkle  
United States District Judge