# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

RICHARD L. SCOTT,

    Plaintiff,

v.                          CASE NO. 4:10cv283-RH/WCS

KURT S. BROWNING, in his
official capacity as the
Florida Secretary of State,

    Defendant.

_____/

## INJUNCTION AND ORDER FOR
## ENTRY OF FINAL JUDGMENT

In 1991, Florida adopted an optional system for public funding of statewide campaigns. The state simultaneously imposed a $500 limit on campaign contributions. A goal was to eliminate the corruption or appearance of corruption that can result from greater campaign contributions. Doing this was constitutional. No party to this lawsuit has contended otherwise.

A candidate who chooses to participate in the public-funding system agrees to caps on overall spending and on spending of the candidate's own personal funds. A candidate who chooses not to participate in the public-funding system

faces no caps on overall or personal spending.  Again, adopting these provisions was constitutional.  No party to this lawsuit has contended otherwise.

But the public-funding system includes an additional feature that is at the center of this lawsuit.  If a nonparticipating candidate spends funds in excess of the cap applicable to a participating opponent, the opponent receives additional public funds matching the amount of the excess, up to a new limit.

When he filed this lawsuit, the plaintiff Richard L. Scott was a candidate for Governor in the Republican primary election that was set to occur on August 24, 2010.  Mr. Scott challenged the matching-funds provision as a violation of the First Amendment.  He named the Florida Secretary of State, in the Secretary's official capacity, as the sole defendant.

Mr. Scott moved for a preliminary injunction.  His principal opponent, Ira William "Bill" McCollum, moved for and was granted leave to intervene as a defendant.  Mr. McCollum was the state's Attorney General, but he moved to intervene solely in his individual, not official, capacity.

I set an extraordinarily expedited schedule on the preliminary-injunction motion so that, before any matching-fund payment would be made, the motion would be decided in this court and the unsuccessful side would have time to seek meaningful review in the United States Court of Appeals for the Eleventh Circuit. The defendants had less than two days to compile any evidence in opposition to

the motion for a preliminary injunction.

After a hearing, I denied the preliminary-injunction motion. Mr. Scott appealed. The Eleventh Circuit reversed and itself issued a preliminary injunction barring any matching-fund payments. *See Scott v. Roberts*, 612 F.3d 1279 (11th Cir. 2010).

The primary election went forward as scheduled. Mr. Scott won. The general election went forward with no matching-fund payments. Again Mr. Scott won. In January 2011 he became the Governor.

Meanwhile, on September 3, 2010, Mr. McCollum and Mr. Scott filed motions that together sought to end the case. Mr. McCollum no longer asserted an interest in the case in his individual capacity and moved to withdraw. The motion was unopposed. By an order entered on December 1, 2010, I granted the motion and dropped Mr. McCollum as a party.

Mr. Scott moved for the entry of a permanent injunction barring enforcement of the matching-funds provision. The Secretary of State did not oppose the motion. The motion said the parties had agreed that each side would bear its own costs and attorney's fees.

I held the motion pending the Supreme Court's decision whether to grant *certiorari* to review *McComish v. Bennett*, 611 F.3d 510 (9th Cir. 2010) (upholding a match provision similar to Florida's), *cert. granted*, 131 S. Ct. 644,

178 L. Ed. 2d 476 (Nov. 29, 2010) (No. 10-239).  After the Supreme Court granted *certiorari*, I entered an order staying the case pending the Supreme Court's decision.  The Supreme Court now has struck down the Arizona matching-funds provision.  *See Ariz. Free Enter. Club's Freedom Club PAC v. Bennett*, 564 U.S. ___, 2011 WL 2518813 (June 27, 2011).  The Florida and Arizona provisions are not identical, but they are similar enough to make understandable the Florida Secretary of State's decision not to further defend Florida's provision, especially in light of the Eleventh Circuit's ruling on appeal in this very case, and similar enough to make it appropriate to enter an injunction and final judgment without appointing an independent attorney to defend the Florida statute.

This order grants the motion for a permanent injunction and final judgment precisely as requested in Mr. Scott's unopposed motion.  A party who takes issue with the substance or terms of the injunction and judgment or the procedure by which they have been entered should file a timely motion to alter or amend.

For these reasons,

IT IS ORDERED:

1. Mr. Scott's unopposed motion for entry of a final judgment that includes a permanent injunction, ECF No. 37, is GRANTED.

2. The defendant Kurt S. Browning, in his official capacity as the Florida Secretary of State, is permanently enjoined from

implementing, operating, or enforcing that portion of section 106.355 of the Florida Election Campaign Financing Act providing that "the Department of State shall, within 7 days after a request by a participating candidate, provide such candidate with funds . . . equal to the amount by which the nonparticipating candidate exceeded the expenditure limit, not to exceed twice the amount of the maximum expenditure limits specified in s. 106.34(1)(a) and (b), which funds shall not be considered matching funds." This injunction does not affect any other portion of section 106.355.  This injunction is binding on the Secretary of State and his successors, officers, agents, servants, employees, and attorneys, and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.  The court retains jurisdiction to enforce this injunction.

3. All other claims in this action are dismissed with prejudice.

4. No costs or attorney's fees will be taxed.

5. The clerk must enter a judgment with the terms set out in paragraphs 2 and 3 above.

SO ORDERED on June 28, 2011.

                                          s/Robert L. Hinkle
                                          United States District Judge